UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: §
§
TRI-M REAL ESTATE INC., §  Case No. 05-45119
§  (Chapter 7)
Debtor. §

## MEMORANDUM OPINION

On September 19, 2006, the Court heard and considered the "Amended Motion and Brief for Sanctions and Violation of the Automatic Stay" (the "Motion") filed by Tri-M Real Estate Inc. ("Tri-M") on May 30, 2006. In the Motion, Tri-M asserted that Judy Culp Schlicting willfully violated the automatic stay. Tri-M requested that the Court award sanctions against Ms. Schlicting pursuant to 11 U.S.C. §362(k). For the reasons stated on the record and in this Memorandum Opinion, the Court concluded that Motion should be granted.

### BACKGROUND FACTS

Tri-M filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 14, 2005 (the "Petition Date"). Tri-M included Ms. Schlicting, who had previously obtained a state court judgment against Tri-M, as a creditor in its bankruptcy schedules. Tri-M notified Ms. Schlicting of its bankruptcy petition. Nonetheless, Ms. Schlicting, acting through her counsel, continued to pursue post-judgment discovery against Tri-M. Ms. Schlicting also continued to demand payment from Tri-M and sought to compel responses to her post-judgment discovery requests.

Appropriate notice of the Motion and the hearing was given to Ms. Schlicting according to the Federal and Local Rules of Bankruptcy Procedure. Llyod Ward appeared at the hearing on behalf of Tri-M. There was no appearance by Ms. Schlicting.

## ANALYSIS

The filing of a bankruptcy petition operates a stay as to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a)(3). It also operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C § 362(a)(5). In an action for violation of the automatic stay, the moving party bears the burden of proof. *See, e.g., In re Bolen*, 205 B.R. 803, 807 (Bankr. D. S.C. 2002).

A violation of the automatic stay is willful if the action is done deliberately. *See, e.g., In re Xavier's of Beville, Inc.,* 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994). Ignorance of the law is no excuse. *See, e.g., In re Bragg*, 56 B.R. 46, 49 (Bankr. M.D. Ala. 1985); *In re Halas*, 249 B.R. 182, 191 (Bankr. N.D. Ill. 2000). If a willful violation of the stay occurs, 11 U.S.C. §362(k) provides, "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

In this case, Ms. Schlicting's actions were in direct violation of the automatic stay imposed by 11 U.S.C. §362(a). Her actions were both knowing

and willful. With respect to the attorneys' fees requested by Tri-M, the Court has considered the *Johnson* factors[1] and finds that Tri-M should be awarded its reasonable fees in the amount of $3,500.

This opinion constitutes the Court's findings of fact and conclusions of law.[2] The Court will enter separate order pursuant to FED. R. BANKR. P. 9021.

Signed on 10/19/2006

*Brenda T. Rhoades*          MD

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[1] These well-known factors are:(1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the case; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was 'undesirable'; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.* , 488 F.2d 714, 717-19 (5th Cir. 1994); *but see Rutherford v Harris County,* 194 F.3d, 173, 193 (5th Cir. 1999) (noting that the Supreme Court has prohibited any use of the sixth *Johnson* factor).

[2] To the extent any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.